HOWARD MUTUAL LOAN AND FUND ASSOCIATION *vs.* AMOS
McINTYRE.

An action may be maintained against a mortgagor to foreclose an unacknowledged and un-recorded mortgage, and in such action a bond which the mortgage was given to secure is competent evidence.

One who has given a bond and mortgage to a "Loan and Fund Association" organized under *St.* 1854, *c.* 454, reciting in the bond that he is a member thereof, and recognizing the obligation of the by-laws, is estopped to deny that he is a member, in an action to foreclose the mortgage, if there is no evidence that the bond and mortgage were taken with a view to evade the provision of the statute which prohibits loans to other persons than members.

WRIT OF ENTRY to foreclose a mortgage given to the demand-
ants by the tenant. At the trial in the superior court, there
was evidence that the acknowledgment of the mortgage was
taken in Middlesex county before a justice of the peace who
held a commission for Suffolk county only.[*] The case was sub-
mitted to the court, without a jury, and *Putnam*, J. rendered
judgment for the demandants, and the tenant alleged excep-
tions. The other material facts are stated in the opinion.

*W. P. Webster*, for the tenant.

*J. B. Robb*, for the demandants.

CHAPMAN, J. A deed without registry or acknowledgment is
sufficient to convey real estate as between the parties, and the
ruling on that point was correct. *Dole* v. *Thurlow*, 12 Met.
157. And there was not even a plausible ground for the objec-
tion that the bond which was secured by the mortgage deed
was inadmissible in evidence.

The admission of the execution of the bond was an admis-
sion that the tenant had made the recitals and agreements con-
tained in it. The condition is that, if the obligor shall pay the
sums enumerated, being monthly dues, " pursuant to the by-
laws of the said corporation, whereof the obligor is a member,
and also all fines which shall be charged to him pursuant to the
by-laws of the said corporation, during the said period, and
shall also keep or cause to be kept all other covenants, promises
and agreements entered into by him as a member of the said
corporation, and a subscriber for two and one half shares thereof,
according to the true intent and meaning of the said by-laws,
then this obligation shall be void." The tenant at the trial
admitted that there was something due under this bond.

To meet this evidence, the tenant offered to show that he
was not a member of the association, by showing that he had
never subscribed the articles or by-laws of the association, as

---

[*] That the acknowledgment of a deed may be taken by a magistrate out of
his county, see *Odiorne* v. *Mason*, 9 N. H. 30. But see, *contra*, *Share* v. *Ander-
son*, 7 S. & R. 43. See also *Jackson* v. *Humphrey*, 1 Johns. 498 ; *Jackson* v
*Colden*, 4 Cow. 280 ; *Thurman* v. *Cameron*, 24 Wend. 91, 92.

the same required, and that there was nothing on the books of the corporation tending to show him a member, except that the demandants on their books had opened an account with him. The account is annexed, and appears to be such an account as would be kept with members only. The article of the by-laws referred to is as follows : " The members or stockholders shall be the previous members of the Howard Mutual Loan and Fund Association, and also those who shall sign these by-laws, pay the entrance fee, and shall hold one or more shares."

The fourth section of *St.* 1854, *c.* 454, provides that no loan shall be made by any such corporation to any person not a member. The tenant contends that this bond was given for a loan, and that as he was not a member the bond is void. But it does not appear from the facts stated that he was not a member. It is only one class of members that are required to sign the by-laws, namely, those who were not previous members of the Howard Mutual Loan and Fund Association ; and it does not appear that the tenant belonged to that class. And if he did, we think his execution of the bond is a sufficient written assent to the by-laws. He could not bind himself more strongly to observe them by a direct signature, than he has done by making this bond.

We do not decide that if the bond had been given with a view to a fraudulent evasion of that provision of the statute which prohibits loans to persons not members of the corporation, the tenant might not show such fraud in his defence. But, in the absence of fraud, when the tenant has signed the bond, enjoyed all the benefits of membership, and assumed its burdens, we think he is estopped to set up the mere technical objection that he has not formally signed the by-laws, for the purpose of avoiding payment of his note. The signature of the bond is a sufficient substitute for such formal signature, there being no other ground for the allegation that he is not a member. *Exceptions overruled.*